FULLER *v.* PENINSULAR WHITE LEAD & COLOR WORKS.

CONTRACTS—YEARLY HIRING—CONSTRUCTION.

A contract of employment dated January 1, 1893, by which the employé was "to receive $1,200 per year until further notice, or during the year 1893," the salary not to be reduced in any event, is not a contract from year to year, so as to entitle the employé, on being discharged, after having worked a year and eight months, to compensation for the balance of the year.

Error to Wayne; Hosmer, J. Submitted November 10, 1896. Decided December 18, 1896.

*Assumpsit* by Simeon F. Fuller against the Peninsular White Lead & Color Works on a contract of employment. From a judgment for plaintiff, defendant brings error. Reversed.

*William F. McCorkle* (*Henry M. Cheever*, of counsel), for appellant.

*Sullivan & Mason*, for appellee.

HOOKER, J. Plaintiff had been in the employment of the defendant corporation for several years, at a stated salary of $13 per week. In December, 1892, Mr. Goodell, then defendant's manager, "said to the plaintiff that there was a probability of some changes in the management of the company, and the people coming in would make some change, and he would give him an agreement, so that he would be fixed, and not lose his place;" that he afterwards gave him a writing, and gave him to understand that he could not be put out by the new management, but that he would retain his position for the year. The following is a copy of the writing:

"DETROIT, MICH., January 1, 1893.

"This is to certify that, in consideration of the faithful performance of his duties during the last five years, Simeon F. Fuller is to receive twelve hundred dollars ($1,200) per year until further notice, or during the year 1893. The salary is not to be reduced in any event, and may be raised, at the discretion of the Peninsular Co. or its manager, at any time.

"PENINSULAR WHITE LEAD & COLOR CO.

"O. D. GOODELL, Manager."

Within a short time, Mr. Worcester became manager of the company, and the plaintiff continued to work for the defendant under this arrangement for 1 year 8¼ months, without further conversation about the matter. At that time the company sold out its business, and the men were all paid off and discharged, Fuller, among the rest, having knowledge that the company was going out of business; and when the sale was made he was informed that he would not be wanted further. This action is brought to recover plaintiff's salary to January 1, 1895, upon the claim that his was a yearly hiring, and that, when he commenced on the year 1894, he could not be discharged before the year expired.

We think that the evidence shows conclusively that the plaintiff accepted employment upon the terms stated in the writing, which was that he should be paid a salary of $1,200 per year until further notice. It might be raised, but could not be reduced, during 1893, but might thereafter, upon notice. To say that he could only be dismissed at the end of a year would make this provision meaningless, for nobody contends that without it the contract might not be changed, or even terminated, at any yearly period by either party. The only reasonable construction is that for the year 1893 the plaintiff had a right to a salary of $1,200. After that his right might be terminated upon notice, which was equivalent to saying that the defendant might terminate the contract, because he could not be compelled to work at a lower price, or insist upon receiving any stated amount.

The judgment is reversed. No new trial should be ordered.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. MOORE, J., did not sit.